**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-2044-WJM

STEPHEN BETHEL,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

---

**ORDER VACATING ADMINISTRATIVE LAW JUDGE'S DECISION AND REMANDING TO THE COMMISSIONER FOR REHEARING**

---

This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Stephen Lindsay Bethel ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits. The denial was affirmed by an Administrative Law Judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is vacated and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND

Plaintiff was born on April 28, 1952, and was 58 years old, which is defined as an individual of advanced age, on the alleged disability onset date. (Admin. Record ("R.")

(ECF No. 7) at 17.) Plaintiff has at least a high school education and can communicate in English. (*Id.*) Plaintiff has past relevant work experience as a travel agent manager, a travel agent, and a pizza deliveryman. (*Id.*)

Plaintiff filed an application for a period of disability and disability insurance benefits on November 29, 2010, alleging that he had been disabled since April 30, 2010 due to multiple impairments, including carpal tunnel syndrome, right shoulder arthritis, status post myocardial infarction, degenerative disc disease of the spine, status post knee replacements bilaterally, sleep apnea, high blood pressure, and Hepatitis C.[1] (R. at 10, 12-13.) Plaintiff's application was initially denied on April 8, 2011. (R. at 10.) After requesting a hearing on April 14, 2011, Plaintiff's claims were heard by ALJ James A. Wendland on May 18, 2012. (*Id.*) Plaintiff and vocational expert Cynthia Ann Bartmann testified at the administrative hearing. (*Id.*) The ALJ received medical evidence and opinions on Plaintiff's mental impairments from treating physician Dr. Alex Goldsmith, M.D., examining physician Dr. Kevin A. Berry, M.D., and others. (R. at 16, 257-92.)

On June 6, 2012, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2] At step one, the ALJ found

---

[1] As Plaintiff has not challenged the ALJ's findings and conclusions with regard to any other impairments, the Court will discuss only those impairments relevant to this appeal. (*See* ECF No. 10 at 5-15.)

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security

that Plaintiff had not engaged in substantial gainful activity since April 30, 2010. (R. at 12.) At step two, he found that Plaintiff suffered from the severe impairments of carpal tunnel syndrome, right shoulder arthritis, status post mycardial infarction, degenerative disc disease of the spine, and status post knee replacements bilaterally. (*Id.*) The ALJ did not find Plaintiff's sleep apnea or any other impairment to be a severe impairment. (R. at 12-13.) At step three, the ALJ found that Plaintiff's impairments, though severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations. (R. at 13.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that:

> [T]he claimant has the [RFC] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he should not be required to stoop or crouch more than occasionally. He should not be required to climb, crawl, kneel, or balance. He should not be required to sit for more than 1 hour at one time without the opportunity to stand. He should not be required to work above shoulder level with the upper extremities. He should not be required to push, pull or perform extended reaching with the right upper extremity. He should not be required to push or pull with his feet, handle or finger objects more than occasionally nor work at unguarded heights or near unguarded hazardous mechanical equipment.

(R. at 14.) Given this RFC, at step four, the ALJ found that Plaintiff could not perform his past relevant work as a travel agent manager, a travel agent, or a pizza deliveryman. (R. at 17.) However, at step five the ALJ found that Plaintiff had acquired work skills from his past relevant work, and that those skills were transferable to other occupations with jobs existing in significant numbers in the national economy, which Plaintiff could perform with his RFC. (R. at 17-18.) Accordingly, the ALJ found that

---

Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits. (R. at 18.)

The Appeals Council denied Plaintiff's request for review on July 2, 2013. (R. at 1-3.) Thus, the ALJ's June 6, 2012 decision is the final administrative action for purposes of review.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. ANALYSIS

On appeal, Plaintiff makes three arguments that the ALJ's decision should be reversed: (1) the ALJ failed to properly evaluate his credibility; (2) the ALJ failed at step

five to properly evaluate his transferable skills; and (3) the ALJ failed to perform the requisite analysis in determining that the other occupations Plaintiff could perform existed in significant numbers. (ECF No. 10 at 5-15.) As the Court finds the transferable skills argument dispositive, it will address this argument first.

Plaintiff contends that the ALJ erred at step five in evaluating what skills he had acquired in his past relevant work, and whether those skills were transferable to other occupations. (ECF No. 10 at 11-13.) Specifically, Plaintiff argues that the ALJ failed to base his determination that Plaintiff had acquired transferable skills on substantial evidence in the record. (*Id.*)

In steps one through four of the five-part evaluation process for determining disability, the claimant bears the burden of proof. 42 U.S.C. § 423(d)(5). If the claimant meets that burden and makes a *prima facie* showing that, given his RFC, he is unable to perform any past relevant work, at step five the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work in the national economy. *Thompson*, 987 F.2d at 1487; *see also Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991). A claimant's age is among the factors that the Commissioner must consider at step five, and a claimant of "advanced age" is not excepted to make major adjustments into other areas of work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). For an ALJ to conclude that a claimant of advanced age who is limited to sedentary work is not disabled, the ALJ "must also find that the claimant acquired skills in her past work that are transferable to other skilled or semi-skilled jobs." *Id.* at 1185 (discussing claimants "closely approaching advanced age"); *see also* 20 C.F.R. §§

404.1563(e) (age as a vocational factor), 404.1568(d)(4) (transferability of skills for persons of advanced age).

In *Dikeman v. Halter*, the Tenth Circuit Court of Appeals found that the ALJ erred in his transferable skills analysis, as he "made little inquiry about plaintiff's past work at the hearing . . . [and] did not ask plaintiff anything about her duties as a checker." *Dikeman*, 245 F.3d at 1185. "[B]ecause there is no evidence of the duties plaintiff *actually* performed as a grocery checker, there is no evidence of the skills she *actually* acquired in that position." *Id.* at 1187 (emphasis added) (citing *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) ("The Secretary must show that specific skills actually acquired in [past relevant work] are transferable to [other jobs].")). Therefore, the Tenth Circuit found that the step five determination that the plaintiff was not disabled was not supported by substantial evidence. *Id.* at 1188.

Here, Plaintiff was of "advanced age" on the alleged disability onset date, so the ALJ was required to make findings as to the skills that Plaintiff had acquired in his past work before finding that those skills were transferable to other occupations. At the hearing, the ALJ asked Plaintiff about his past job titles, the employers for whom he had worked, the approximate dates, and the reasons he left each position, which revealed that Plaintiff was fired from multiple positions as a travel agent due to "making serious mistakes" and his failure to "produc[e] sales". (R. at 25-31.) The ALJ then asked the vocational expert about the skills Plaintiff had obtained in his past work that could be utilized in other occupations. (R. at 47.) The vocational expert testified that a travel agent and a travel clerk would both utilize skills such as "excellent listening skills to

understand the customer's needs and be able to advise them[,] . . . problem-solving skills, ability to analyze information and be able to present the information to the clients, and . . . keyboarding and computer skills". (R. at 48.)

However, the ALJ never obtained testimony from Plaintiff about his job duties or the skills he actually acquired in his prior positions, instead basing his questions to the vocational expert solely on the titles of the jobs Plaintiff had held. The Commissioner argues that the ALJ did not err in failing to elicit such testimony "[b]ecause the [vocational expert] indicated that she was aware of the job duties of an office manager and travel agent". (ECF No. 12 at 18.) However, "[n]either an occupational title by itself nor a skeleton description of a job is sufficient to document the claimant's acquisition of skills. Job titles, in themselves, are not determinative of skill level." *Dikeman*, 245 F.3d at 1185 (internal quotation marks and brackets omitted) (quoting Social Security Ruling 82-41, 1982 WL 31389, at *7). Because the vocational expert's description of acquired skills relied on the occupational titles and was not based on Plaintiff's actual acquired skills, it does not constitute substantial evidence to support a finding that Plaintiff possessed these skills.

The only evidence in the record with respect to the actual skills that Plaintiff acquired is contained in his Work History Report, wherein Plaintiff checked boxes indicating that his travel agent positions required the use of "technical knowledge or skills", and gave general descriptions of his work, such as: "Claimant sold vacation packages, airline tickets and tickets for cruises. . . . He also worked the help desk when the software was not working properly. . . . Claimant sold airline tickets and made

reservations for travel and cruise packages. . . . He also supervised travel sales, made daily banking deposits and was responsible for bookkeeping." (R. at 181-84.) This evidence establishes that Plaintiff performed sales duties and acquired some level of computer skills, but does not otherwise indicate whether Plaintiff possessed skills in working with customers, problem solving, organization, and communication, as the vocational expert assumed based on Plaintiff's job titles. Furthermore, Plaintiff's history of being repeatedly fired from travel agent positions calls into question whether he actually acquired the skills necessary to successfully perform this job, and casts doubt on the ALJ's assumption that Plaintiff possessed all the skills associated with the occupational title. (*See* R. at 25-31.)

Given the above, the Court finds that "[t]he record here contains little, if any, evidence of [P]laintiff's transferable skills." *Dikeman*, 245 F.3d at 1185. Therefore, the ALJ's step five determination that Plaintiff was not disabled because he had acquired skills that were transferable to another occupation was not supported by substantial evidence. This failure of evidence falls on the Commissioner, as it is her burden, not Plaintiff's, to develop vocational evidence at step five. *Id.* at 1186. Because the ALJ's determination that Plaintiff possessed transferable skills was critical to his disability determination, this error requires remanding the case to the Commissioner for rehearing, and obviates the need to consider Plaintiff's other arguments. *See* 42 U.S.C. § 405(g).

The Court expresses no opinion as to the remainder of Plaintiff's arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the

evidence was considered. It is entirely possible that, after fully considering the evidence, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled under the Act. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 30th day of June, 2014.

BY THE COURT:

William J. Martínez
United States District Judge